

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 8 2013

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

| | | |
|---|---|---|
| DR. SANFORD HUTSON, | ) | |
| on behalf of himself | ) | |
| and all others similarly situated | ) | CASE NO.: 4:13 cv 322 BRW |
| | ) | |
| *Plaintiff,* | ) | JUDGE Wilson |
| | ) | |
| VS. | ) | |
| | ) | |
| LOANDEPOT.COM, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

This case assigned to District Judge Wilson
and to Magistrate Judge Volpe

## COMPLAINT- CLASS ACTION

COMES NOW Plaintiff Dr. Sanford Hutson on behalf of himself and all other persons similarly situated, and files this class action complaint ("Complaint") against Defendant LoanDepot.com, LLC ("Loan Depot" or "Defendant"). Plaintiff seeks certification of his claims against Defendant as a class action. Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

### NATURE OF THE CASE

1.      Defendant's conduct, as described herein, violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* ("TCPA").

2.      Congress enacted the TCPA as a way to address a growing number of unrestricted telemarketing calls thought to be an invasion of privacy and a risk to public safety.[1]

3.      Loan Depot describes itself as an online mortgage lending company offering 1) different types of mortgage financing options, 2) pre-approval for loans, and 3) refinancing for current mortgages.

_____

[1] *See generally* 47 U.S.C. § 227.

4.     Upon information and belief, as a way to advertise to and solicit new clients, Defendant employed mass telemarketing campaigns, either through its own call centers or through third-parties, that included thousands of unsolicited phone calls to consumers nationwide. These calls featured a pre-recorded or artificial voice message ("Robocall").

5.     At no time did Plaintiff or members of the Class provide their telephone numbers to Defendant for any purpose, nor did they consent to receiving, or having Defendant make, telephone calls to their telephone numbers.

6.     Upon information and belief, in an effort to increase participation in Loan Depot's services, Defendant placed thousands of these calls to consumers' residential telephone lines in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

7.     Defendant caused actual harm to Plaintiff and members of the Class by making these unsolicited phone calls and by creating the harassment, nuisance, and overall aggravation that go with the receipt of these calls.

8.     This is a civil action seeking class certification, statutory damages, and injunctive relief, as well as costs and reasonable attorneys' fees, from Defendant for its violations of the TCPA.

## PARTIES

9.     Plaintiff Dr. Sanford Hutson is, and at all times relevant was, a resident of the State of Arkansas.

10.     Loan Depot is a Delaware corporation with its principal place of business at 26642 Towne Centre Drive, Foothill Ranch, California 92610. It does business throughout the United States, including Arkansas and this district.

2

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005.  Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because, on information and belief, the aggregate claims of the putative Class Members exceed $5 million, exclusive of interests and costs, and Plaintiff Hutson is a resident of a different state than Defendant.

12.     This Court also has federal question jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227 *et seq.*, and personal jurisdiction over Defendant since at all relevant times Defendant has regularly and systematically transacted business within the State of Arkansas.

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction here and regularly conducts business in the Eastern District of Arkansas.

## COMMON FACTUAL ALLEGATIONS

14.     Loan Depot describes itself as an online mortgage lending company offering different types of financing options, as well as pre-approving consumers for loans and refinancing for current mortgages.

15.     Upon information and belief, either through its own telemarketing operations or a third-party, Defendant has made thousands of Robocalls and telemarketing calls to consumers throughout the United States promoting Loan Depot's services.

16.     Plaintiff and Class Members have received more than one unsolicited telemarketing call from Defendant within a 12-month period.

17.     On or about April 23, 2013 around 3:30 pm, Defendant, through its own

3

telemarketing operations or through a third-party, placed a call to Plaintiff's residence. Plaintiff's caller ID identified the incoming call to be from loandepot.com at 949-465-8454.

18.     Just a few hours later, around 7:35 pm, Defendant placed a second call to Plaintiff's residence from the same number.

19.     Defendant placed a third call to Plaintiff's residence the next day, April 24, 2013 around 10:53 am.

20.     Plaintiff's residential telephone number was at all relevant times registered on the national Do Not Call registry.

21.     Plaintiff's experience was typical of many consumers who received unsolicited marketing calls from Defendant. For example, online posts found at http://800notes.com and http://www.everycall.us produce similar complaints, including the following:

- **Jacq**
  **16 Aug 2011**
  KEEP CALLING. THEY ARE RELENTLESS and HARRASSING ME.
  *Caller: 949-465-8454*

- **ack!**
  **17 Aug 2011**
  They called 19 times today, starting at 8am.

- **JazzMan**
  **12 Oct 2011**
  RoboCalls from Loan Depot. Called me 3 times in one day so far. Annoying!
  *Caller: Loan Depot*
  *Call Type: Telemarketer*

- **Monika McGowan**
  **10 Nov 2011**
  I am registered under the DO NOT CALL LIST. Harrassing calls - frequent and not interested in their product at all. STOP
  *Caller: Home Loan*
  *Call Type: Telemarketer*

- **Tony Duany**
  **11 Nov 2011**

Obnoxius constant calling
*Caller: 949-465-8454*

- **Summer**
  **29 Aug 2011**
  Thanks......they won't stop calling. Just today I have received 13 calls......OMG!!!

- **valentina**
  **5 Mar 2012**
  they call[] 7-10 times every day !

- **Det. Francis Gallo**
  **10 Apr 2012**
  They called my desk in Criminal Investigations asking for my wife. I told them there was no way my wife called to refinance our home nor would she give my office number at the Police Department. The idiot had the audacity to say that they had to get the information from somewhere. I again pointed out that this is a Police department and they have been scammed. He told me to be safe and hung up. From what I'm reading this is a telemarketer named Loan Depot. If I get any more, the company may be speaking to an attorney in short order.
  *Caller: Loan Depot*
  *Call Type: Telemarketer*

- **Peggy Mientke**
  **18 Apr 2012**
  get calls from this number all day long into the night. I want them to stop calling since when you answer the phone they don't answer!
  *Caller: Loan Depot*
  *Call Type: Telemarketer*

- **Michael Wilde**
  **4 May 2012**
  These people will not stop calling me.IDK how they got my phone number but they call me all the time & I am so sick of it & I refuse to answer my phone anymore. Please help!
  *Caller: Loan Depot*

- **E Buss**
  **1 Apr 2013**
  KEEP CALLING. THEY ARE RELENTLESS and HARASSING US!!! I wish I could report them to someone for this. I would not do business w/ this company nor understand where they got our number! As soon as I can I will be reporting them to the BBB this is pure harassment.
  *Caller: Loan Depot*

- **witsend  -  Feb 26, 2013 06:17 AM**
  Loan Depot. They are from a home mortgage refinance company. Thay are
  calling all day long. Even at night when I am already i[n] bed.
  **Caller:** loan depot
  **Caller ID:** 949-465-8454

- **Anonymous  -  Nov 10, 2011 05:05 PM**
  These people called 7 times yesterday and 8 times today! It's been going on
  like this for a week now!
  **Caller:** Loan Depot Mortgage

22.     The TCPA was designed to protect consumers, Plaintiff, and the putative Class
from these kinds of calls.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action individually and on behalf all others similarly situated
pursuant to Federal Rules of Civil Procedure 23. This action satisfies the numerosity,
commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

24.     Plaintiff seeks certification for the following class ("the Class" or "Class"):

   a.     "The Pre-Recorded Class":

   All natural persons residing in the United States who received a
   telephone call, made by or on behalf of Defendant, within the four
   years prior to the date of the filing of this Complaint, featuring an
   artificial voice or pre-recorded message.

25.     Specifically excluded from the Class are: (a) all federal court judges who preside
over this case and their spouses; (b) all persons who elect to exclude themselves from the Class;
(c) all persons who have previously executed and delivered to Defendant releases of all their
class claims; and (d) Defendant's employees, officers, directors, agents, and representatives and
their family members.

26.     **Numerosity.**   The Class is so numerous that joinder of all members is
impracticable.   At this time, Plaintiff does not know the exact size of the Class.   Based on

information and belief, the Class is comprised of at least thousands of members so as to render joinder of all Class Members impracticable. Class Members can be identified through Defendant's records.

27.    **Commonality.**  Common questions of law and fact predominate over individual issues.  There is a well-defined community of interest in the questions of law and fact involved affecting members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual Class Members, and include, but are not limited to, the following:

    a.   Whether Defendant's actions constitute violations of the TCPA;

    b.   Whether Defendant systematically made telephone calls to persons who did not provide Defendant with their prior express consent to receive such telephone calls;

    c.   Whether Defendant utilized an artificial or pre-recorded voice in making telephone calls to Plaintiff and the putative Class;

    d.   Whether Class Members are entitled to treble damages based on the willfulness of Defendant's conduct.

28.    **Typicality.**  Plaintiff's claims are typical of the other Class Members' claims.  As described herein, Plaintiff and Class Members sustained damages arising from Defendant's wrongful conduct and unsolicited telephone calls. Defendant uniformly violated the TCPA by engaging in the conduct as described herein, and these violations had the same effect on each member of the Class.

29.    **Adequacy.**  Plaintiff is an adequate representative of the Class because he fits within the Class definition and his interests do not conflict with the interests of the members of the Class he seeks to represent.  Plaintiff will prosecute this action vigorously for the benefit of the entire Class.  Plaintiff is represented by experienced and able attorneys.  Class counsel have litigated numerous class actions and complex cases, and Plaintiff's counsel intend to prosecute

7

this action vigorously for the benefit of the entire Class. Plaintiff and class counsel can and will fairly and adequately protect the interests of all of the members of the Class.

30.    **Predominance and Superiority**. Questions of law and fact common to the Class predominate over questions affecting only individual Members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to effectively redress the wrongs done to them on an individual basis. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

**COUNT I**
**Violations of the Telephone Consumer Protection Act, 47 USC § 227(b)**
**(On Behalf of the Pre-Recorded Class)**

31.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

32.    The allegations in this cause of action are brought on behalf of Class Members who received an unsolicited telephone call to their residence from Defendant, or on behalf of Defendant, that included a pre-recorded or artificial voice message.

33.    Defendant made unsolicited telephone calls to Plaintiff's and Class Members'

telephone numbers without their prior express consent.

34.     Defendant utilized artificial or pre-recorded voice messages when making the telephone calls.

35.     By making these unsolicited calls containing artificial or pre-recorded voice message without the Plaintiff's or Class Members' prior express consent, or allowing them to be made on Defendant's behalf, Defendant has violated 47 U.S.C. § 227(b)(1)(B).

36.     Accordingly, Plaintiff, on behalf of himself and other Class Members, seeks an injunction under 47 U.S.C. § 227(b)(3)(A) enjoining Defendant's unlawful telemarketing practices.

37.     Additionally, Plaintiff, on behalf of himself and other Class Members, under 47 U.S.C. § 227(b)(3)(B), seeks an award of statutory damages of at least $500 for each of Defendant's violations of the TCPA.

38.     If this Court should find that Defendant's actions were willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), award treble damages recoverable by Plaintiff and Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dr. Sanford Hutson, on behalf of himself and others similarly situated, prays for the following relief:

1.  Certification of the Class as defined above, appointment of Dr. Sanford Hutson Class Representative, and appointment of his counsel as Class Counsel;

2.  An award of actual and statutory damages;

3.  An injunction to cease all of Defendant's unlawful conduct;

4.  An award of reasonable attorneys' fees and costs; and

5.  For all other and further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**DATED: May 28, 2013**                    Respectfully submitted,


_Randall K. Pulliam_
Randall K. Pulliam
Rebecca Kaufman
CARNEY BATES & PULLIAM, PLLC
11311 Arcade Dr., Suite 200
Little Rock, AR 72212
P: 501-312-8500
F: 501-312-8505
rpulliam@cbplaw.com
rkaufman@cbplaw.com